GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, Appellant and Respondent, *v.* NEW YORK AND QUEENS COUNTY RAILWAY COMPANY et al., Respondents, and BANKERS TRUST COMPANY, as Trustee, Respondent and Appellant.

(Submitted May 5, 1930; decided June 3, 1930.)

*Per Curiam.* The plaintiff moves for a reargument upon the ground that the act of 1896 governing the merger of corporations (Laws of 1896, ch. 932) involves an unconstitutional impairment of the obligation of a contract (U. S. Const. art. I, § 10, subd. 1) if so construed ·as to exempt the merging corporation from personal liability as upon a covenant of assumption.

No such point was made in the briefs or in oral argu-

ment upon the principal appeal. Even so, we think that justice will be promoted if the point be now considered, since there is room for doubt whether the plaintiff should have foreseen that the application of the statute would be decisive of the controversy (*Missouri ex rel. Missouri Ins. Co.* v. *Gehner*, 281 U. S. 313).

The obligation of a contract is determined by the law in force when it is made (*McCracken* v. *Hayward*, 2 How. [U. S.] 608, 612; *Edwards* v. *Kearzey*, 96 U. S. 595; *People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356, 361).

The Steinway deed of trust secures an authorized issue of bonds in the sum of $1,500,000, of which bonds in the sum of $600,000 were issued at once and the residue soon thereafter. The deed is dated April 1, 1892, and was recorded May 6.

At the date of execution and of record, the merger or consolidation of street railroads (as distinguished from railroads generally) was explicitly forbidden (Railroad Law of 1890, § 71, subd. 2; Laws of 1890, ch. 565, amended by Laws of 1892, ch. 676, but not till May 18, 1892; cf. Laws of 1869, ch. 917, § 7).

In that state of the law the plaintiff cannot have accepted the Steinway deed of trust on the assumption that either a merging or a consolidated corporation would be covered by the term " successor," for it had notice through the statute that such succession was impossible.

The act of 1896 (Laws of 1896, ch. 932, § 58) authorizes the merger of stock corporations irrespective of their nature, but provides in effect that in respect of prior contracts and liabilities the new corporation shall be in the position of a purchaser, taking subject to the obligation of the constituent corporations, but not assuming them itself (253 N. Y. 190, at p. 201).

No remedy or security that was attached to the mortgage contract at the execution of the deed of trust is impaired by this enlargement of the corporate powers of the debtor. The mortgagor corporation continues to exist in so far as its existence is necessary for the protection

of its creditors (253 N. Y. at p. 201). All that the statute does is to exempt the merging corporation from a duty to subject a new and independent parcel, acquired through its own moneys, to the lien of a prior mortgage, except in circumstances where such a duty would rest upon a purchaser. If the merger act had never been passed there would be no improvements to quarrel about, for the new property, most of it beyond the Steinway line, was acquired through moneys supplied by the consolidated bondholders. The plaintiff seeks the benefit of accretions resulting from the merger, and rejects the conditions of the statute through which merger became possible.

The motion should be denied with ten dollars costs and necessary printing disbursements.