GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, etc., Plaintiff, and THE UNITED STATES OF AMERICA, Intervener, Plaintiff, v. NEW YORK & QUEENS COUNTY RAILWAY COMPANY, etc., and Others, Defendants.

Supreme Court, Special Term, Queens County, May 10, 1938.

*Alfred T. Davison* [*Victor McQuistion* and *Alfred T. Davison* of counsel], for the receivers.

*Davies, Auerbach & Cornell* [*H. C. McCollom* of counsel], for the Guaranty Trust Company of New York, as trustee, etc., in support of motion.

*Larkin, Rathbone & Perry*, for the Steinway Bondholders' Protective Committee, in support of motion.

*James W. Morris, Assistant Attorney-General, Andrew D. Sharpe* and *Frederic G. Rita, Special Assistants to the Attorney-General, Harold St. L. O'Dougherty, United States Attorney*, and *Frank J. Parker, Assistant United States Attorney*, for the United States of America, intervener, opposed.

KADIEN, J. On April 1, 1892, the Steinway Railway Company of Long Island City executed and delivered an indenture of mortgage and deed of trust, conveying to a trustee, in trust, its street railroad and appurtenant properties, to secure an issue of first mortgage bonds in the principal amount of $1,500,000. The New York & Queens County Railway Company, having acquired the entire capital stock of the Steinway Railway Company of Long Island City, filed a certificate of merger on September 16, 1896, and became the owner of the Steinway railroad, subject to this mortgage. For the purpose of this mortgage, however, that is, so far as the rights of the holders of the mortgage are concerned, the Steinway Railway Company of Long Island City remained an existing corporation as if no merger had ever taken place — remaining a corporation separate and distinct from the New York and Queens County Railway Company. (See conclusion of law fifth, of judgment of June 23, 1928, 226 App. Div. 299; modfd. 253 N. Y. 190; on reargument, 254 N. Y. 126.)

On March 21, 1922, an action to foreclose this mortgage was instituted. On April 27, 1922, Slaughter W. Huff and Robert C. Lee were appointed receivers in this action. " The property of which the Receivers are in custody and possession pursuant to the order made and entered herein on April 27, 1922, is all the property of said Steinway Railway Company of Long Island City."

The receivers filed corporation Federal income tax returns for the calendar years 1932 and 1933. The Commissioner of Internal Revenue subsequently determined deficiencies in the taxes for these years. No part thereof having been paid, an order of intervener was on November 3, 1937, obtained, granting the United States of America leave to intervene in this action as a party plaintiff, and to serve its intervening petition upon the parties hereto and upon the receivers herein, in which a decree is prayed that the receivers, out of the funds of the Steinway Railway Company of Long Island City, in their hands, pay to the United States of America the amount of such deficiencies.

The receivers now move to dismiss the intervening petition upon the ground that this court has no jurisdiction to entertain the same

or to determine any alleged claim for additional Federal income taxes, nor to make any decree, order or judgment with reference thereto.

The Guaranty Trust Company of New York, as trustee for the mortgage issue under foreclosure, and the Steinway Bondholders' Protective Committee, have joined in this motion.

The moving parties urge that the receivers of the property covered by the mortgage under foreclosure in this action are mortgage foreclosure receivers and not receivers contemplated in section 274, subdivision (a) of the Revenue Act of 1932 (U. S. Code, tit. 26, § 274, subd. [a]), as amended, and, therefore, no jurisdiction lies in this court to entertain and determine the claim of the government for additional Federal income taxes for the years in question.

The government contends that since the receivers allege in their petition that they are in possession of all the property of the corporation and are operating the railroad which is its only asset, and have filed the returns in question, section 274, subdivision (a) is applicable.

Section 274, subdivision (a), of the Revenue Act of 1932 provides as follows: " Immediate Assessment. Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding or the appointment of a receiver for any taxpayer in any receivership proceeding before any court of the United States or of any State or Territory or of the District of Columbia, any deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) determined by the Commissioner in respect of a tax imposed by this chapter upon such taxpayer shall, despite the restrictions imposed by section 272 (a) upon assessments be immediately assessed if such deficiency has not theretofore been assessed in accordance with law. * · * * Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver."

Treasury Regulation 77, promulgated under the Revenue Act of 1932, provides in part as follows: " Art. 392 — returns by receivers. Receivers, trustees in dissolution, trustees in bankruptcy, and assignees, operating the property or business of corporations, must make returns of income for such corporations ·on Form 1120. Notwithstanding that the powers and functions of a

corporation are suspended and that the property and business are for the time being in the custody of the receiver, trustee, or assignee subject to the order of the court, such receiver, trustee, or assignee stands in the place of the corporate officers and is required to perform all the duties and assume all the liabilities which would devolve upon the officers of the corporation were they in control. (See sections 274 and 298 and articles 1191 and 1192.) A receiver in charge of only part of the property of a corporation, however, as a receiver in mortgage foreclosure proceedings involving merely a small portion of its property, need not make a return of income."

It is urged that the receivers herein are not receivers for the taxpayer, that is, the Steinway Railway Company of Long Island City, or even for its creditors and stockholders; they are receivers only of certain specific mortgaged assets for the limited benefit of the mortgagees; and that section 274, subdivision (a) contemplates a general equity receivership in which the receiver is in fact and in law the receiver for the corporation; and that such is not the case herein.

In support of these contentions, reliance is placed upon the holding of the Supreme Court of the United States in *Duparquet Co.* v. *Evans* (297 U. S. 216), wherein it was held that the use, by Congress, of the words " equity receivership " and the words " if a receiver of all or any part of the property of a corporation has been appointed " in section 77B (U. S. Code, tit. 11, § 207) of the Bankruptcy Act, do not mean a receiver in a foreclosure action. Said the court, through Mr. Justice CARDOZO: " A receivership in a foreclosure suit is limited and special. The rents and profits are impounded for the benefit of a particular mortgagee, to be applied upon the debt in the event of a deficiency. *Freedman's Saving & Trust Co.* v. *Shepherd*, 127 U. S. 494; *Worthen Co.* v. *Kavanaugh*, 295 U. S. 56, 62; *Sullivan* v. *Rosson*, 223 N. Y. 217; 119 N. E. 405. The corporation retains its other property, if it has any, unaffected in its power of disposition by the decree of sequestration. The creditors retain their remedies except against the income subjected to the lien. There is neither winding up of the business nor attempt to reorganize it and set it going anew. This is not the equity receivership of which the lawmakers were thinking if context and analogy have capacity to deliver up a lesson."

The question in that case was whether the receivership for the collection of rents and profits in a foreclosure of a mortgage was an equity receivership within the meaning of section 77B of the Bankruptcy Act (U. S. Code, tit. 11, § 207), which provides for the reorganization of debtor corporations in involuntary proceedings.

In the instant case the receivers were appointed pursuant to section 150 of the General Corporation Law of the State of New York. This section makes no differentiation of receivers of the property of corporations according to the nature of the actions or the purpose for which they are appointed. The introductory clause of the statute reads: " A receiver of the property of a corporation can be appointed only by the court, and in one of the following cases." Here the receivers were appointed and are in custody and possession of *all the property* of the Steinway Railway Company of Long Island City, pursuant to the order made and entered on April 27, 1922, and not merely of part of the property and assets of said corporation. During all this time they were not merely custodians of the corporation's property but they actually operated the railroad which is the only property of the corporation.

Regulation 77, *supra,* specifically provides that " A receiver in charge of only part of the property of a corporation, however, *as a receiver in mortgage foreclosure proceedings involving merely a small portion of its property,* need not make a return."

Here the receivers were in charge and operated all of the property of the corporation, and did file the income tax returns which are now in question.

Section 52 of the Revenue Act of 1932 (Chap. 209) (47 Stat. 169, as amd.; U. S. Code, tit. 26, § 52) specifically provides, without qualification or classification, for the making of returns " in cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations * * * in the same manner and form as corporations are required to make returns."

It is in recognition of this enactment, apparently, that the receivers filed the returns under consideration.

In *North American Oil* v. *Burnet* (286 U. S. 417) an identical provision of the Revenue Act of 1916 and the regulations promulgated thereunder were construed by the court, the court saying (at pp. 422, 423): " The regulations of the Treasury Department have consistently construed these statutes as applying only to receivers in charge of the entire property or business of a corporation; and in all other cases have required the corporations themselves to report their income. Treas. Regs. 33, arts, 26, 209; Treas. Regs. 45, arts. 424, 622. That construction is clearly correct. *The language of the section contemplates a substitution of the receiver for the corporation; and there can be such substitution only when the receiver is in complete control of the properties and business of the corporation."* (Italics mine.)

Thus, in the case at bar, the receivers are in complete control of the properties and business of the Steinway Railway Company of Long Island City, and must, therefore, be deemed as substitutes for the corporation itself.

The argument is made that "never before has there been intervention in a foreclosure action by a party seeking to try out an issue in no way connected with the foreclosure action." That may be true, but since all of the property of the Steinway Railway Company of Long Island City is in the possession and custody of the receivers appointed by an order of this court, the jurisdiction of this court is exclusive, for as was said in *Lion Bonding Co.* v. *Karatz* (262 U. S. 77, 89): "Possession of the *res* disables other courts of co-ordinate jurisdiction from exercising any power over it. (*Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. R. Co.*, 177 U. S. 51, 61.) The court which first acquired jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction. *Palmer* v. *Texas*, 212 U. S. 118, 126, 129." (See *Barnette* v. *Wells Fargo National Bank*, 270 U. S. 438.)

The argument is made in behalf of the Steinway Bondholders' Protective Committee that, even if this court should determine that the receivers herein are receivers within the meaning of section 274, subdivision (a), of the Revenue Act of 1932, they were entitled to deduct accruals of interest on the bond issue, and that the government's disallowance of such accruals as a deduction by the receivers, was unauthorized. The trustee of the bond issue argues, on the other hand, that assuming that the government has a valid claim, such a claim is subordinate to the lien of the Steinway Railway Company mortgage, which antedated the income taxes in question.

All of this goes to the merits of the claims asserted by the goverment, and may not presently be considered, since the only question presented in this application is whether this court has jurisdiction of a claim of the United States of America, for deficiencies in the income taxes of a corporation, all of whose property is in the exclusive possession and control of receivers appointed by this court, who operated the said property and filed the income tax returns under consideration.

In my opinion this court has such jurisdiction, and the motion is consequently denied in all respects. Settle order.