■ AVERILL PARK GOLF & COUNTRY CLUB, INC., Appellant, v BURDEN LAKE HOLDING CORP., Respondent.—Appeal from an order of the Supreme Court, entered February 27, 1975 in Rensselaer County, upon dismissal of the complaint by the court at a Trial Term. On July 19, 1973 one Paul Weiss entered into an agreement with the defendant involving the sale of defendant's property. The agreement was in the nature of an option to purchase said property for which Weiss paid $1,000, and which could be exercised within 45 days. On July 30, 1973 Weiss purportedly assigned this option to the plaintiff, although plaintiff was not then incorporated and did

not file a certificate of incorporation until September 28, 1973. By this time, the option had expired by its own terms. By letter of October 29, 1973, however, plaintiff's attorney advised defendant's attorney that plaintiff "will be exercising Paul Weiss's option to purchase the properties of" the defendant "pursuant to the contract between [defendant] and Paul Weiss dated July 19th, 1973." Defendant's attorney responded, advising plaintiff's attorney that defendant "will convey the premises to the Assignee of Mr. Weiss." It is unclear as to what events transpired thereafter, but on or about April 1, 1974 plaintiff informed defendant that the former was prepared to close, whereupon defendant contended that it had rescinded the offer. On April 19, 1974 plaintiff instituted this action for specific performance. The granting of defendant's motion to dismiss the complaint, for which a number of reasons were given by the court, is challenged on this appeal. We deal first with those issues concerning plaintiff's purported rights as assignee of Paul Weiss. We find it unnecessary to determine whether plaintiff, having not incorporated at the time of the alleged assignment, was entitled to assert the rights of an assignee, and we also need not determine whether there was a novation, and the reason in each instance is that the option to purchase the property within 45 days was not exercised by either Paul Weiss or the plaintiff prior to its termination. We are unable to agree, however, with the conclusion of the trial court as to whether the letters of October 29 and 30, 1973 ripened into a contract. The mere fact that the option had expired would not prevent the parties from entering into a subsequent contract, and the fact that time had been made the essence of the agreement of July 19, 1973 would not require that time be considered of the essence under the terms of a subsequent contract, if such a contract was in fact entered into. Where parties have once entered into a contract giving to one an option to purchase the property of another, limited by time, and that contract expires within the time provided, there is of course no reason why the parties may not at a subsequent date enter into another contract which provides for the sale of the premises without the inclusion of an option provision. Of course, the plaintiff's letter of October 29, 1973 could not itself constitute an exercise of the option, since the time for same had passed. However, in failing to consider the possibility that defendant's letter of October 30, 1973 constituted an acceptance of an offer made in the October 29, 1973 letter, thus creating a new contract, the trial court erred. A new trial must, therefore, be had. Order reversed, on the law and the facts, and a new trial ordered, with costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.