The parties resolved their divorce action by entering into a stipulation of settlement which was incorporated, but not merged, into the judgment of divorce. The stipulation, *inter alia,* gave the plaintiff wife the option to purchase the defendant husband's interest in the former marital residence by paying him the sum of $37,500 "on or before May 15, 1987". The stipulation provided further that "[a]fter May 15, 1987, the defendant has the sole option to accept or reject the $37,500" and that "[i]n the event that the plaintiff does not pay the defendant on or before May 15, 1987, the * * * house will immediately thereafter be placed on the market" and the net proceeds divided between the parties according to the stipulation. The letter of the plaintiff's attorney purporting to exercise the option and enclosing payment, while dated May 15, 1987, was postmarked May 19, 1987, and was received by the defendant's attorney the following day. Meanwhile, by letter dated May 19, 1987, the defendant's attorney had advised the plaintiff's counsel that late payment would be rejected and demanded that the property be sold. The Supreme Court determined that since there was no showing of prejudice to the defendant and time was not of the essence, the plaintiff was entitled to exercise the option. We reverse.

While Domestic Relations Law § 234 grants a court in a matrimonial action broad discretion to make such directions as justice requires regarding possession of real property, questions concerning title are governed by general principles of property law *(see, Kahn v Kahn,* 43 NY2d 203). Under such general principles, the terms of an agreement providing for an option to purchase real property must be strictly complied with in the manner and within the time specified *(T.I.P. Holding No. 2 Corp. v Wicks,* 63 AD2d 263, 270; *see, Boal v Smith,* 35 AD2d 730, *affd* 29 NY2d 518; *Blumenthal v 162 E. 80th Tenants,* 88 AD2d 871, 872; *Averill Park Golf & Country Club v Burden Lake Holding Corp.,* 50 AD2d 649, 650). Since the plaintiff failed to timely exercise her option under the

terms of the parties' stipulation and since under the explicit terms of the parties' stipulation, the defendant had the sole option to accept or reject the $37,500 after May 15, 1987, the plaintiff forfeited her rights thereunder, and the premises must be sold and the proceeds distributed in accordance with the terms of the stipulation dated April 28, 1987 *(see, Glatt v Glatt,* 129 AD2d 678). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.