■ LINDA BRESNAN, Respondent, v JAMES BRESNAN, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered August 12, 1987, which was consolidated with an action for the partition of the divorced parties' former marital residence, the defendant husband appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Suffolk County (Geiler, J.), dated July 13, 1988, which, *inter alia,* directed the sale of the former marital residence, and (2) an amended order of the same court, also dated July 13, 1988, which, *inter alia,* also directed the sale of the former marital residence, and granted the plaintiff wife interim counsel fees of $3,500.

Ordered that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The stipulation of settlement, which was incorporated but not merged in the judgment of divorce, stated, in pertinent part, that the parties' former marital residence would become the sole property of the defendant upon his payment of $25,000 to the plaintiff. If the defendant failed to tender performance by October 11, 1987, the plaintiff would have the right to maintain an action for the partition of the real property. Although the defendant was tardy by only a few days in making payment, his failure to timely exercise the option was fatal. The court could not compel the plaintiff to execute a deed transferring her interest in the real property to the defendant since (1) that would be in contravention of the parties' explicit agreement *(see, Markson v Markson,* 139 AD2d 705) and (2) that would be in conflict with the general principles governing option agreements which require that their provisions be complied with strictly in the manner and within the time specified *(see, T.I.P. Holding No. 2 Corp. v Wicks,* 63 AD2d 263).

The court's award of counsel fees to the plaintiff was not improper. The defendant did not at any time challenge the plaintiff's right to, or the amount of, the counsel's fees requested *(see, Price v Price,* 113 AD2d 299, *affd* 69 NY2d 8). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.

■ SUSAN CALIENDO, Individually and as Administratrix of