■ CARETA E. KINLOCH, Respondent, v JOSEPH P. KINLOCH, Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated March 21, 1980, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hanophy, J.), entered May 9, 1988, as, after a hearing, granted his motion to modify the parties' judgment of divorce only to the extent of raising the amount which the plaintiff wife was required to pay for his interest in the former marital premises from $6,000 to $20,000 plus interest.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The plaintiff Careta E. Kinloch and the defendant Joseph Kinloch were divorced by judgment dated March 21, 1980. At the time of the divorce, the parties' only significant asset was the former marital residence, which had been purchased in late 1973 for the sum of $23,500. Pursuant to the judgment of divorce, the husband was directed to transfer his interest in the former marital residence to the wife, and in consideration

for this conveyance, the wife was directed to pay to the husband: "the sum of $6,000, payable $5,000 simultaneously with the delivery of the deed within 30 days from the date hereof, and an additional $1,000 within 60 days from the date of entry of this judgment". Although it appears that the parties entered into a stipulation of settlement prior to their divorce which survived and did not merge in the ensuing judgment, this stipulation has not been made part of the record, and we are thus unable to determine whether it included additional provisions concerning the transfer of title to the marital residence.

Despite the requirements of the divorce judgment, the husband failed to transfer his interest in the marital premises to the wife, and the wife failed to tender the $6,000 payment to the husband. More than seven years later, the husband moved to modify the parties' divorce judgment to require the wife to pay him an increased price for his interest in the marital premises, and, following a brief hearing, the Supreme Court ruled that the wife would be entitled to a deed to the premises upon the payment of $20,000 to the husband.

While modification of the parties' divorce judgment may have been warranted either upon a finding that the wife forfeited her right to buy the husband's interest in the subject premises (see, Marino v Marino, 140 AD2d 499), or upon a finding that both parties mutually waived their rights and obligations under the judgment (see, Terjen v Terjen, 143 AD2d 341), at bar the court made no specific findings, merely basing its decision upon "the circumstances" of the case. As the court neither made findings nor attempted to indicate why it modified the judgment, we find that this matter must be remitted to the Supreme Court for a new hearing and determination.

Since it is necessary to remit this case, we note that in fixing the value of the husband's interest in the marital premises, the court apparently relied upon a November 1987 appraisal of the property. However, the value of property as of the date of the judgment of divorce is usually controlling, and the court thus erred in modifying the judgment of divorce to require the wife to buy out the husband's interest in the property in apparent reliance upon its 1987 value (cf., Wegman v Wegman, 123 AD2d 220; Hutchings v Hutchings, 155 AD2d 971). We further note that it would have been more appropriate, if warranted, to direct that the house be sold, and to provide that the husband receive a percentage of the proceeds, giving the wife appropriate credit, inter alia, for the

reduction in the mortgage principal resulting from her mortgage payments. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.