[696 NYS2d 109]

Frances R. Sharper, Appellant, v Harlem Teams for Self-Help, Inc., Respondent.

First Department, June 1, 1999

APPEARANCES OF COUNSEL

*Victor M. Metsch* of counsel (*Thomas V. Juneau, Jr.,* on the brief; *Hartman & Craven L. L. P.,* attorneys), for appellant.

*Rudolph Silas* for respondent.

## OPINION OF THE COURT

ELLERIN, P. J.

At issue on this appeal is whether, under the particular circumstances presented, equity warrants the imposition of a constructive trust upon a parcel of real property.

In the early 1980's, plaintiff, who was a member of the board of directors of defendant, a not-for-profit corporation, attended a meeting at which defendant's executive director, Frederick Wallace, described a new project known as "The Brownstone Project", which contemplated the acquisition and rehabilitation by defendant of dilapidated brownstones and their conversion into four-family homes, using public and private funding. Once rehabilitated, each brownstone would be leased to a middle-income family for a 20-year term with an "option to buy" and they, in turn, would rent out the apartments.

Plaintiff, who wished to participate in the program, paid defendant $2,500 to take part, as was required, and herself purchased a brownstone in the target area for $2,500 in April 1982, apparently with the intention of conveying the building to defendant and then arranging to be the lessee under the

lease/option agreement that would be set up once the building was renovated. She was represented in that transaction by Wallace, who is an attorney.

On September 17, 1982, the parties entered into an agreement (the Agreement), which was drafted by Wallace, whereby plaintiff agreed to convey the building to defendant and to continue to pay the in rem payments and property taxes due on the building and defendant agreed to renovate the building and enter into defendant's standard lease/option agreement with plaintiff upon completion of the renovation, which would require payment of a down payment and regular "mortgage" payments for the life of the lease. The Agreement also stated that the amounts plaintiff had already paid, including $2,500 to join the program, $2,500 to purchase the building, and all tax and in rem payments, would be subtracted from the down payment. There was no time schedule in the Agreement concerning when the renovation was to be completed and the lease/option agreement entered into. Nor was there any indication as to the amount of the down payment or the total amount that would eventually be due under the lease/option agreement. Defendant claims, and plaintiff does not deny, that the down payment, before deductions, was to be $12,000 and the parties appear to be in agreement that the total amount due defendant would be equivalent to the total amount expended on the renovation.

It appears that some work, primarily demolition, was done on the building commencing in 1983. In spite of the language of the Agreement, there appears to have been some uncertainty as to the necessity that plaintiff actually convey the building to defendant. However, when, in 1984, it was determined that defendant's receipt of certain grant money depended on defendant's actual ownership of the property, the building was conveyed, and since then plaintiff has, in accordance with the Agreement, continued to make all the tax payments on the building, and defendant has apparently performed some renovation. Defendant claims that it has spent $87,000 to date, although plaintiff denies that there has been any significant improvement. In any case, it is clear that the building is far from completed.

Plaintiff brought this action seeking a constructive trust and arguing that she is entitled to have the building conveyed back to her so that she can sell it. The trial court found that she was not entitled to a constructive trust because she had not shown the existence of a fiduciary duty or a promise by defendant, but

determined that she was entitled to damages, with interest, for all the amounts expended by her over the years, including real estate taxes.

A constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest (*Beatty v Guggenheim Exploration Co.*, 225 NY 380). It requires a showing of a confidential or fiduciary relationship, a promise, a transfer of property in reliance on that promise and unjust enrichment (*Sharp v Kosmalski*, 40 NY2d 119).

We find that these elements exist in this matter and that a constructive trust is therefore warranted.

First, contrary to the trial court, we find that plaintiff has adequately demonstrated the existence of a fiduciary relationship. Plaintiff was represented in her purchase of the subject property by defendant's principal, an attorney, who drafted the Agreement between plaintiff and defendant and acted as plaintiff's adviser in entering into that Agreement.

Moreover, there was a promise on defendant's part upon which plaintiff relied in transferring the property to defendant, i.e., to complete the renovation and lease the building back to plaintiff at favorable terms. While the Agreement does not specify time of performance, under such circumstances, the law will imply a reasonable time (*Savasta v 470 Newport Assocs.*, 82 NY2d 763; *Webster's Red Seal Publs. v Gilberton World-Wide Publs.*, 67 AD2d 339, 343, *affd* 53 NY2d 643), the length of which will depend upon the facts and circumstances of the particular case (*Ben Zev v Merman*, 73 NY2d 781, 783). Considering that work on the building commenced in 1983, and the transfer of ownership occurred in 1985, the amount of time that has elapsed cannot be deemed reasonable.

Finally, we find that to permit defendant to retain the building would constitute unjust enrichment. Defendant promised that plaintiff would ultimately be entitled to a lease with an "option" to purchase at very favorable terms which would have allowed her to realize any appreciation in the value of the building. In light of the general appreciation of real estate values, to permit defendant to retain it under these circumstances would constitute unjust enrichment. Thus, in this situation, a constructive trust may appropriately be imposed upon the subject property.

However, it must be borne in mind that " '[c]onstructive trusts are raised by equity for the purpose of working out right

and justice' " (*Frier v J. W. Sales Corp.*, 261 App Div 388, 391, quoting 1 Pomeroy's Equity Jurisprudence § 155, at 190 [4th ed]). Here, it is clear that it was also contemplated by the parties that defendant would receive just compensation for the money it invested in renovation. Since defendant has not, at this juncture, set forth documentary evidence to support its claim regarding the amounts expended for renovation, it should have an opportunity to do so. In order to effect the full intent of the parties, the matter must therefore be remanded for an accounting to determine the amount, if any, expended by defendant for actual improvements to the subject real property. Upon paying defendant such amount, plaintiff may then receive title to the building. In the alternative, the court may order the building sold so that defendant may receive that portion of the proceeds, plaintiff being entitled to the remainder.

Accordingly, the judgment of the Supreme Court, New York County (Stuart Cohen, J., at nonjury trial; Stephen Crane, J., directing entry of judgment; Carol Huff, J., modifying to award interest), entered July 1, 1998, awarding plaintiff damages, with interest, costs and disbursements, and bringing up for review the dismissal of plaintiff's claim seeking imposition of a constructive trust and reconveyance of the subject property, should be reversed, on the law, the facts and in the exercise of discretion, without costs, the monetary award to plaintiff vacated, plaintiff's equitable claim reinstated, a constructive trust imposed, and the matter remanded for further proceedings in accordance with this opinion.

SULLIVAN, WALLACH, LERNER and BUCKLEY, JJ., concur.

Judgment, Supreme Court, New York County, entered July 1, 1998, reversed, on the law, the facts and in the exercise of discretion, without costs, the monetary award to plaintiff vacated, plaintiff's equitable claim reinstated, a constructive trust imposed, and the matter remanded for further proceedings in accordance with the opinion of this Court.