■ Felicia Glucksman, Respondent, v Martin Glucksman, Appellant. [695 NYS2d 135] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated August 31, 1998, as granted that branch of the motion of the plaintiff wife which was to compel him to sell to her his interest in the marital residence pursuant to the parties' stipulation, and denied that branch of his cross motion which was, in effect, to compel her to cooperate in the sale of the marital residence for the highest possible price, in accordance with the same stipulation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to compel the sale of the defendant's interest in the marital residence to the plaintiff is denied, and that branch of the cross motion which was, in effect, to compel the plaintiff to cooperate in the sale of the residence for the highest possible price is granted.

The parties entered into a stipulation of settlement in open court on March 24, 1998, to resolve various equitable distribution matters. In the stipulation, the parties agreed, inter alia, that the plaintiff could purchase the defendant's interest in the marital residence for a specified sum within 60 days. In the event that the plaintiff failed to do so within the 60-day period, which period could not be extended absent the written agreement of the defendant, the residence was to be sold on the open market for the highest possible price. It is undisputed that although the plaintiff expressed her intention to purchase the defendant's interest in the residence and took steps to obtain financing therefor, she did not consummate the purchase within the 60-day period. The defendant subsequently advised the plaintiff that since she had failed to purchase within the specified time period, the property must be sold on the open market in accordance with the stipulation. The plaintiff then moved, inter alia, for an order compelling the defendant to permit her to purchase his interest at the stipulated price "notwithstanding that the purchase did not take place within sixty days", and the defendant cross-moved, inter alia, to compel the sale of the residence on the open market. The Supreme Court granted that branch of the plaintiff's motion

which was to compel the defendant to sell his interest to her, and denied the cross motion. We reverse insofar as appealed from.

At the outset, we note that the defendant's appeal has not been rendered academic merely by reason of the fact that during the pendency of the appeal, the defendant complied with the Supreme Court's order by transferring his interest in the marital residence to the plaintiff.

The defendant is correct in contending that the plaintiff's failure to purchase within the time constraints set forth in the parties' stipulation was fatal to her rights thereunder. The court had no authority to unilaterally modify the parties' agreement to effectively extend the plaintiff's time within which to purchase the defendant's interest, since such relief contravened the express terms of the parties' agreement and violated the principle requiring strict compliance with the terms of option agreements (*see, Bresnan v Bresnan,* 156 AD2d 532; *Markson v Markson,* 139 AD2d 705). The plaintiff's reliance upon *Lewis v Lewis* (194 AD2d 648) and *Kinloch v Kinloch* (171 AD2d 729) is misplaced, as neither case involved a modification of a stipulation, the terms of which are binding upon the parties and the court. Accordingly, the defendant is entitled to have the residence sold on the open market in accordance with the stipulation. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.