■ BAINBRIDGE-WYTHE PARTNERSHIP, INC., Appellant, v NIAGARA FALLS URBAN RENEWAL AGENCY et al., Respondents. [742 NYS2d 176] —Appeal from an order of Supreme Court, Niagara County (Lane, J.), entered April 10, 2001, which granted defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking specific performance of a contract to purchase and develop urban renewal property in the City of Niagara Falls (City). Defendants, the City and Niagara Falls Urban Renewal Agency, entered into the contract with plaintiff's assignor, Lehr's Greenhouse Restaurant of New York, Inc. (Lehr), in 1982. Lehr's status as "preferred developer" of the urban renewal property was conditioned on compliance with a timetable for planning and redevelopment set forth in an exhibit to the contract. It is undisputed that certain portions of the contract, involving conveyance of certain parcels of land, have been performed. The instant action followed defendants' refusal, in response to plaintiff's demand in December 1999, to convey a portion of what was described in the contract as Parcel No. 7 (subject property).

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint based upon its determination that a reasonable time to enforce the contract had passed as a matter of law (*see Savasta v 470 Newport Assoc.,* 82 NY2d 763, 765, *rearg denied* 82 NY2d 889; *see generally Haines v City of New York*, 41 NY2d 769, 772). Although the contract provides for delays in performance under several different provisions, it contains no stated duration for performance or any specific time for conveyance of the subject property. Assuming, arguendo, that plaintiff retained the right under the contract to demand conveyance of the subject property, we agree with the court that plaintiff's 17-year delay before demanding conveyance was unreasonable as a matter of law and that plaintiff is "entitled to no relief because of [its]

unreasonable delay in exercising that right" (*Savasta*, 82 NY2d at 765).

In addition, "[i]t is axiomatic that in order to be entitled to specific performance of a contract, a plaintiff must demonstrate that he was ready, willing and able to perform his obligations under the contract regardless of the defendant[s'] anticipatory breach" (*Ben Zev v Merman*, 134 AD2d 555, 557, *affd* 73 NY2d 781; *see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998). Here, the contract contains a timetable for planning and redevelopment, with construction to commence by the 1,080th day after the date of execution of the contract, a period of nearly three years. Defendants established as a matter of law that plaintiff had failed to perform any of the duties and obligations required of the developer of the subject property under the contract, and plaintiff failed to raise an issue of fact whether plaintiff or Lehr was ready, willing and able to perform those duties and obligations or, indeed, was ready, willing and able to pay the purchase price for the subject property "at some point prior to the commencement of this action" (*Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022, *lv dismissed* 79 NY2d 1040; *see Scull v Sicoli*, 247 AD2d 852, 853). Although plaintiff's attorney and officer asserted in an affidavit submitted in opposition to defendants' motion that a land use plan prepared on behalf of plaintiff had been approved by the City, that plan, only a drawing of which appears in the record, does not specify any particular use for the subject property, except to label it along with a larger portion of Parcel No. 7 as "FUTURE EXPANSION AND PARKING RAMP." Thus, plaintiff failed to raise an issue of fact whether it had performed under paragraphs 21 to 24 of the contract (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Finally, the court properly rejected plaintiff's contention that defendants should be estopped from raising defenses to this action for specific performance of the contract, an argument raised by plaintiff in opposition to defendants' motion. Specifically, plaintiff's attorney and officer asserted in his opposing affidavit that the former Mayor of the City had asked him to convey a certain piece of improved property owned by an entity in which he was a principal. He asserted that the former Mayor promised that, in exchange for that conveyance to a third party that intended to bring jobs to the City, the subject property would be conveyed to plaintiff without any dispute by defendants. Even assuming, arguendo, that the former Mayor was authorized, as the director of the Niagara Falls Urban Renewal Agency, to waive defendants' defenses to the instant ac-

tion, we conclude that plaintiff failed to establish that its reliance on the alleged promise by the former Mayor was justifiable (*see Allen v Board of Educ. of Union Free School Dist. No. 20*, 168 AD2d 403, 404, *lv dismissed* 77 NY2d 939). Further, a governmental agency may be subject to estoppel only "where there has been a showing of manifest injustice" (*Incorporated Vil. of Freeport v Sanders*, 121 AD2d 430, 431, *appeal dismissed* 68 NY2d 907) or other exceptional circumstances (*see Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744), and plaintiff failed to make either showing. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.