■ MONIQUE E. DaLOIA, Appellant, v THOMAS W. BURT, Respondent. [761 NYS2d 91] —In an action, inter alia, for a

divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated October 3, 2002, as, upon granting that branch of her motion which was for summary judgment on her cause of action for a conversion divorce pursuant to Domestic Relations Law § 170 (6), denied those branches of her motion which were, in effect, for summary judgment directing the immediate sale of the marital residence, for the equal division of the proceeds of the sale, and for an award of an attorney's fee, and, upon searching the record, granted the defendant summary judgment dismissing the sixth cause of action sounding in conversion of her engagement ring.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was, in effect, for summary judgment directing the immediate sale of the marital residence and the equal division of the proceeds of the sale and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant's failure to exercise his buy-out option within the time set forth in the parties' "Stipulation and Opt-Out Agreement" (hereinafter the agreement) was fatal to his rights thereunder (*see Glucksman v Glucksman,* 264 AD2d 812, 813 [1999]; *Bresnan v Bresnan,* 156 AD2d 532 [1989]). The Supreme Court had no authority to modify the agreement and extend the defendant's time within which to exercise this option to purchase the plaintiff's interest in the marital residence. That relief contravened the express terms of the agreement and violated the principle requiring strict compliance with the terms of an option (*see Glucksman v Glucksman, supra; Bresnan v Bresnan, supra; Marino v Marino,* 140 AD2d 499 [1988]; *Markson v Markson,* 139 AD2d 705, 706-707 [1988]). Therefore, the Supreme Court erred in denying that branch of the plaintiff's motion which was, in effect, for summary judgment directing the immediate sale of the marital residence and the equal division of the proceeds.

The sixth cause of action alleges conversion of the plaintiff's engagement ring. Under the liberal pleading rules of the CPLR, the complaint sufficiently pleaded this cause of action (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). However, on a motion for summary judgment, the plaintiff as movant had the burden in the first instance of establishing her prima facie right to relief as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). In support of

her motion, the plaintiff merely asserted that a hearing would be necessary on the conversion cause of action. In opposition, the defendant detailed his denial of converting the engagement ring. The Supreme Court, while erroneously dismissing the sixth cause of action for insufficiency, appropriately searched the record and reached the correct result (see CPLR 3212 [b]; *Goldstein v County of Suffolk,* 300 AD2d 441 [2002]).

Contrary to the plaintiff's contention, the Supreme Court properly determined that the defendant was not obligated to reimburse her for an attorney's fee. She failed to comply with the provisions of the agreement requiring her to provide the defendant with notice of a default of an obligation under that agreement and 15 days to cure before bringing an action on that default as a condition to the defendant's liability for a fee to the plaintiff's attorney (cf. *Carnicelli v Carnicelli,* 205 AD2d 726, 728 [1994]). Feuerstein, J.P., McGinity, Adams and Crane, JJ., concur.