■ YOLANDA ERAZO, Respondent, v MANUEL P. CABECA, Appellant. [827 NYS2d 255]—

In a matrimonial action in which the parties were divorced by

a judgment dated September 29, 1997, the defendant appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated January 9, 2006, which denied his motion, inter alia, to direct the plaintiff to transfer her interest in the former marital real property to him pursuant to the judgment of divorce.

Ordered that the order is affirmed, with costs.

Pursuant to a stipulation which was incorporated but not merged in the parties' judgment of divorce, the defendant was entitled to purchase the plaintiff's interest in the marital real property by paying a specified sum pursuant to a schedule of installment payments. The final payment was to be made on May 1, 1998 at which time the plaintiff would be required to execute and deliver a deed to the defendant. It is undisputed that, after making sporadic and incomplete installments, the defendant ceased making payments for more than 6½ years. The defendant then tendered a lump sum payment, representing the final six installments on March 30, 2005 and demanded the conveyance of the plaintiff's interest. The plaintiff did not negotiate the defendant's check or convey her interest, whereupon the defendant moved, inter alia, to compel the conveyance pursuant to the judgment. The Supreme Court properly denied the motion.

Whether the stipulation is viewed as an option agreement or as an ordinary contract for the sale of real property, the defendant was not entitled to relief thereunder. It is undisputed that he failed to strictly comply with the terms of the agreement (*see DaLoia v Burt*, 306 AD2d 239 [2003]; *Glucksman v Glucksman*, 264 AD2d 812 [1999]; *Bresnan v Bresnan*, 156 AD2d 532 [1989]), and by his protracted and unexplained delay in attempting to complete payment under the stipulation, he did not substantially comply with its terms and was unreasonable as a matter of law (*see Savasta v 470 Newport Assoc.*, 82 NY2d 763 [1993]; *Bainbridge-Wythe Partnership v Niagara Falls Urban Renewal Agency*, 294 AD2d 806 [2002]). Accordingly, the Supreme Court correctly determined that the defendant was not entitled to an order compelling the conveyance of the plaintiff's interest in the property to him. Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.