■ NATIONAL URBAN VENTURES, INC., et al., Appellants, v CITY OF NIAGARA FALLS et al., Respondents. (Appeal No. 2.) [914 NYS2d 801]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 14, 2009. The order granted the motion of defendants for summary judgment, dismissed the complaint and vacated and cancelled the notice of pendency filed by plaintiffs.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, to enjoin defendants from making any conveyance, agreement or transaction that conflicts with a covenant in a 1982 agreement between plaintiff National Urban Ventures, Inc. (formerly known as Lehr's Greenhouse Restaurant of New York, Inc.) and defendants. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Contrary to plaintiffs' contention, the covenant contained in the 1982 agreement did not run with the land, and thus the action is time-barred.

"Restrictive covenants are also commonly categorized as negative easements. They restrain servient landowners from making otherwise lawful uses of their property . . . However, the law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (*Witter v Taggart*, 78 NY2d 234, 237-238 [1991]). "Subject to a few exceptions not important at this time, there is now in this State a settled rule of law that a covenant to do an affirmative act, as distinguished from a covenant merely negative in effect, does not run with the land" (*Guaranty Trust Co. of N.Y. v New York & Queens County Ry. Co.*, 253 NY 190, 204 [1930], *rearg denied* 254 NY 126 [1930], *appeal dismissed* 282 US 803 [1930]). Where, however, a cove-

nant runs with the land, the covenant will be enforceable against any subsequent purchaser of the land (*see generally Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 254-255 [1938], *rearg denied* 278 NY 704 [1938]). Here, plaintiffs seek to enforce an affirmative covenant in the 1982 agreement. We note in addition that defendants established that there was no apparent intent for the covenant to run with the land, and plaintiffs failed to raise a triable issue of fact with respect to intent (*see generally 328 Owners Corp. v 330 W. 86 Oaks Corp.,* 8 NY3d 372, 382-383 [2007]; *Village of Philadelphia v FortisUS Energy Corp.,* 48 AD3d 1193, 1194-1195 [2008]).

Because the covenant does not run with the land, the issue before us is whether plaintiffs timely commenced this action seeking to enforce it. As defendants correctly contend, "[i]t is a familiar principle of law that[,] where no time is fixed in a contract, the law may imply a reasonable time" for, in this case, seeking to enforce a covenant (*Webster's Red Seal Publs. v Gilberton World-Wide Publs.,* 67 AD2d 339, 343 [1979], *affd* 53 NY2d 643 [1981]; *see Savasta v 470 Newport Assoc.,* 82 NY2d 763, 765 [1993], *rearg denied* 82 NY2d 889 [1993]; *Sharper v Harlem Teams for Self-Help,* 257 AD2d 329, 332 [1999]). The length of time that is reasonable "will depend upon the facts and circumstances of the particular case" (*Sharper,* 257 AD2d at 332). We have previously held, in a similar action involving Niagara Falls Urban Renewal Agency, a defendant in this action, that a delay of 17 years before seeking to enforce a covenant was unreasonable as a matter of law (*see Bainbridge-Wythe Partnership v Niagara Falls Urban Renewal Agency,* 294 AD2d 806 [2002], *lv denied* 98 NY2d 613 [2002]). We thus conclude that this action to enforce the covenant in the 1982 agreement was not commenced within a reasonable time. Present— Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.