In an action, inter alia, to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law article 10, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 11, 2013, as denied those branches of their motion which were pursuant to CPLR 3211 (a) to dismiss the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was to dismiss so much of the complaint as sought a money judgment against the defendant Metro Structural Steel, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
*829 The defendant Metro Structural Steel, Inc. (hereinafter MSS), failed to pay the plaintiff for certain steel products sold to it by the plaintiff, and, in a separate action, entered into a stipulation of settlement agreeing to pay to the plaintiff the sum of $255,646.40. After partial payment, MSS defaulted on the settlement. Thereafter, the plaintiff obtained a money judgment against MSS in the amount of $227,161.40. The plaintiff then commenced this action pursuant to Debtor and Creditor Law article 10 against the defendants, alleging that MSS’s assets were fraudulently conveyed to the defendants Metro Erectors, Inc., Metro Steel Fabricators, Inc., Metro Steel, Inc., and Metro Equipment, Inc. The defendants moved, inter alla, to dismiss the complaint pursuant to CPLR 3211 (a), and the Supreme Court denied the motion.
The Supreme Court should have granted that branch of the defendants’ motion which was to dismiss so much of the complaint as sought a money judgment against MSS. The complaint, fairly construed according to the liberal pleading rules of the CPLR (see e.g. DaLoia v Burt, 306 AD2d 239, 240 [2003]), sought both to set aside the alleged fraudulent conveyances and a money judgment against all of the defendants. As the defendants correctly contend, the plaintiff is not entitled to a second money judgment against MSS in the amount of $227,161.40 based upon the same conduct by MSS (see generally Zarcone v Perry, 78 AD2d 70, 79 [1980], affd 55 NY2d 782 [1981]; see also Debtor and Creditor Law § 278 [1] [a], [b]; D’Mel & Assoc. v Athco, Inc., 105 AD3d 451, 453 [2013]; Joslin v Lopez, 309 AD2d 837, 839 [2003]; Marine Midland Bank v Murkoff, 120 AD2d 122, 132-133 [1986]). Thus, while so much of the complaint as sought to set aside the alleged fraudulent conveyances and as sought a money judgment against MSS’s codefendants is viable, so much of the complaint as sought a money judgment against MSS should have been dismissed.
Contrary to the defendants’ contention, the evidence they submitted in support of that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) did not “utterly refute[ ] [the] plaintiffs factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587 [2014]; Abdulayev v Yadgarov, 105 AD3d 877, 878 [2013]). Accordingly, that branch of their motion was properly denied. Skelos, J.P, Leventhal, Chambers and Maltese, JJ., concur.