Good Gateway, LLC v Thakkar (2024 NY Slip Op 05404)

Good Gateway, LLC v Thakkar

2024 NY Slip Op 05404

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Scarpulla, Shulman, Michael, JJ. 

Index No. 160660/16 Appeal No. 2927 Case No. 2024-00105 

[*1]Good Gateway, LLC, et al., Plaintiffs-Respondents,
v
Rohan Thakkar et al., Defendants, Shops at New Hope, LLC, Defendant-Appellant.

Morrison Cohen LLP, New York (Christopher Milito of counsel), for appellant.
Strassberg & Strassberg, PC, Scarsdale (Todd Strassberg of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 1, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to the extent of granting judgment on liability under former Debtor and Creditor Law §§ 276 and 276-a as against defendant Shops at New Hope, LLC; declared and adjudged a deed recorded on June 30, 2020 to be null and void; directed Shops to execute and file a deed returning property from Shops to defendants Rohan Thakkar, Solani Thakkar, and Chittranjan Thakkar (collectively, the Thakkar defendants), and denied the Thakkar defendants' cross-motion to dismiss the complaint for lack of subject matter jurisdiction, unanimously affirmed, with costs.
Plaintiffs established their entitlement to summary judgment on their cause of action stating that in violation of former Debtor and Creditor Law § 276, the Thakkar defendants transferred unit 32E at 400 Fifth Avenue (the condo) to Shops in 2020 with intent to avoid paying judgments rendered against Rohan and Chittranjan (the third cause of action). Plaintiffs' evidence was sufficient to make a prima facie showing of "badges of fraud supporting an inference of intent to defraud" in transferring the condo — for example, evidence that the Thakkar defendants transferred the condo to Shops about two and a half weeks after the court, in early March 2020, ordered defendants to show cause why a receiver should not be appointed (see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303 [1st Dept 2006]). Indeed, on a prior appeal, defendants did not argue that the 2020 transfer of the condo was anything but fraudulent (see Good Gateway, LLC v Thakkar, 220 AD3d 570, 571 [1st Dept 2023], lv dismissed 41 NY3d 1014 [2024]).
In opposition, Shops did not raise issues of fact as to whether the conveyance of Solani's interest to Shops was fraudulent.
Supreme Court also properly found the 2020 conveyance of Solani's interest, if any, to be fraudulent because she, like Chittranjan and Rohan, made the conveyance while the April 29, 2020 order was pending and shortly after the court signed an order to show cause seeking an appointment of a receiver. In addition, on October 24, 2023, this Court found that her 2020 conveyance to Shops established "badges of fraud, giving rise to an inference of her fraudulent intent" (Good Gateway, LLC at 571 [internal quotation marks omitted]).
The affidavit of an attorney whose law firm filed the deed, averring that an Australian company owned 100% of Shops at the time the deed was transferred to Shops, also did not raise an issue of fact as to badges of fraud, as the attorney's statement was based solely on a review of Shops's operating agreement and not on personal knowledge. Nor did defendants corroborate his statement with any other evidence, such as the operating agreement (see Guzman v L.M.P. Realty Corp., 262 AD2d 99, 100 [1st Dept 1999]). Shops [*2]also has not contended that a handwritten note identifying the Thakkar defendants as Shops's owner on the recorded deed was inadmissible hearsay or that it was written by anyone other than defendants, and the attorney whose firm filed the deed did not contest the note's accuracy.
As to the cross-motion, Shops fails to establish that the court lacked subject matter jurisdiction to entertain plaintiffs' fraudulent conveyance claims after a judgment was entered on April 17, 2019. The fraudulent conveyance claim concerning the Condo, which was added in 2021 solely because the receiver had recently learned that the Thakkar defendants conveyed the condo to Shops, was in aid of enforcing the judgment, and therefore the court had jurisdiction to entertain the claim even after entry of judgment on April 17 (see Good Gateway, 220 AD3d at 571; cf Little Prince Prods. v Scoullar, 258 AD2d 331, 332 [1st Dept 1999]). Moreover, the original complaint is not in the record, precluding review of whether it included a claim for attorneys' fees under former Debtor and Creditor Law § 276-a such that the judgment did not dispose of all of plaintiffs' causes of action.
Since plaintiffs prevailed on their former Debtor and Creditor Law § 276 claim, Supreme Court properly granted them attorneys' fees in accordance with former Debtor and Creditor Law § 276-a (fourth cause of action) (see Priestley v Panmedix, Inc., 202 AD3d 417, 419 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024