■ In the Matter of FRANDIEGO S., an Infant. CARMEN S., Appellant; ST. CHRISTOPHER-OTTILIE et al., Respondents. [714 NYS2d 658] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about September 23, 1998, terminating respondent-appellant's parental rights to the subject child upon a finding of mental illness and, insofar as appealed from, committing the child's guardianship and custody to petitioner child protective agency and the Commissioner of Social Services for the purpose of adoption without holding a dispositional hearing to consider whether post-adoption visitation is in the child's best interests, unanimously affirmed, without costs.

Appellant's claim that Family Court erred in not holding a hearing to consider the issue of post-adoption visitation was not raised before Family Court and therefore is not preserved for appellate review (*see, Matter of Sean S. S.*, 143 AD2d 836). It does not appear that appellant at any point during the proceedings in Family Court ever requested post-adoption visitation, and she registered no objection at the conclusion of the fact-finding hearing when the court expressly stated its intention not to hold a dispositional hearing. In any event, the record of mental illness is sufficiently developed to support a finding, without the aid of a separate dispositional hearing (*see, Matter of Joyce T.*, 65 NY2d 39, 46; *Matter of David T.*, 268 AD2d 309), that post-adoption visitation, assuming it is authorized (*but cf., Matter of Gregory B.*, 74 NY2d 77, 90-91; *Matter of Jacob*, 86 NY2d 651, 667), would not be in the child's best interests. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Buckley, JJ.