In the Matter of REBECCA O. MARY O., Respondent; JANE DOE, Appellant; SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [847 NYS2d 610]—

In a proceeding pursuant to Social Services Law § 383-c to enforce the terms and conditions of a judicial surrender of a child that resulted in the adoption of the child, Jane Doe, the adoptive parent, appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated October 25, 2006, which, after a hearing, granted the petition and directed her to afford the biological mother four visits per year with the subject child and to allow the biological mother to communicate with the subject child via cards, letters, and pictures.

Ordered that the order is affirmed, without costs or disbursements.

In October 2004, Mary O., the biological mother, executed a judicial surrender instrument agreeing to relinquish her right to the guardianship and custody of the subject child. Included within the surrender instrument was a reservation clause entitling her to four visits per year with the subject child, and to communicate with the subject child via cards, letters, and pictures. Post-surrender, the biological mother's attempts to obtain visitation with the subject child were thwarted. Approximately six months after the surrender, the subject child was adopted by her foster mother, the appellant Jane Doe. Seeking to enforce the terms and conditions of the judicial surrender,

the biological mother commenced this proceeding pursuant to Social Services Law § 383-c. After a hearing, the Family Court concluded, inter alia, that continuing visitation and correspondence would be in the subject child's best interests.

In response to the determination of the Court of Appeals in *Matter of Gregory B.* (74 NY2d 77, 90-91 [1989]), the Legislature enacted Social Services Law § 383-c, which permits a biological parent to surrender his or her child for adoption yet reserve the right to post-adoption visitation and communication (*see Matter of Gerald T.*, 211 AD2d 17, 20 [1995]). That statute, while not conferring an automatic right to visitation, does give the biological parent standing to petition the court to enforce the surrender instrument (*see Matter of Gerald T.*, 211 AD2d at 21; *Matter of Baby Boy D.*, 177 Misc 2d 636 [1998]; *Matter of Alexandra C.*, 157 Misc 2d 262 [1993]). Enforcement of the judicial surrender requires that a best interests determination be made.

Contrary to the appellant's contention, the Family Court's determination that continued visitation and correspondence would be in the subject child's best interests is supported by a sound and substantial basis in the record (*see Matter of Thomas v Thomas*, 35 AD3d 868, 869 [2006]; *Matter of McMillian v Rizzo*, 31 AD3d 555 [2006]; *Matter of Corinthian Marie S.*, 297 AD2d 382 [2002]). Accordingly, we decline to disturb the determination of the Family Court. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.