█ In the Matter of HEIDI E. and Another. TRESEA F., Appellant; PHYLLIS G. et al., Respondents. [889 NYS2d 762]—

Kane, J.

In 2001, petitioner executed judicial surrenders of her two daughters (born in 1991 and 1995), who were then adopted by respondents. The surrenders included postadoption contact agreements permitting petitioner to receive annual photographs of the children and an annual visit arranged by the parties, but the visits could be suspended if deemed detrimental to either child by a therapist. Having never received a visit, petitioner commenced this proceeding seeking to enforce the agreement. After Family Court ordered a psychological evaluation, the parties agreed to arrange a therapeutic visit with petitioner, the children and a counselor. The visit never took place due to the children's apparent refusal to attend. The court then dismissed the petition without a hearing. Petitioner appeals.

Initially, issues concerning visitation with the older child are moot, as she is now 18 years old (cf. Matter of Norwood v Capone, 15 AD3d 790, 793 [2005], appeal dismissed 4 NY3d 878 [2005]; Matter of Carnese v Wiegert, 273 AD2d 554, 556 [2000]). Regarding the younger child, Family Court erred in dismissing the petition without a hearing. An evidentiary hearing is generally necessary to determine what is in the best interests of the child (see Matter of Howard v Barber, 47 AD3d 1154, 1155 [2008]). While the hearing court's determination of best interests will only be disturbed if it lacks a sound and substantial basis in the record (see Matter of Samuel v Samuel, 64 AD3d 920, 921 [2009]), no record was created in this matter. The court based its determination on the court-ordered psychological evaluation and unsworn statements made during court appearances. The information provided to the court raised factual questions

concerning whether an annual visit with petitioner would be detrimental to the child's best interests, requiring an evidentiary hearing to resolve the issue (*see Matter of Omar*, 277 AD2d 387, 387 [2000]; *cf. Matter of Howard v Barber*, 47 AD3d at 1155; *Matter of La Bier v La Bier*, 291 AD2d 730, 732-733 [2002], *lv dismissed* 98 NY2d 671 [2002]; *Matter of Patricia YY. v Albany County Dept. of Social Servs.*, 238 AD2d 672, 674 [1997]).

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed that portion of the petition seeking to enforce the postadoption contact agreement for visitation with Savannah E.; matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.