In the Matter of the Adoption of MYA V.P., an Infant. AMBER R., Appellant; LAURA P. et al., Respondents. [913 NYS2d 477]—

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered August 13, 2009 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition to enforce a postadoption contact agreement.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Niagara County, for further proceedings in accordance with the following memorandum: Petitioner, the biological mother of the child in question, appeals from an order granting the motion of respondents, the child's adoptive parents, to dismiss the petition seeking to enforce a postadoption contact agreement (agreement). That agreement was incorporated into the conditional surrender order with respect to the child. Contrary to the biological mother's contention, Family Court properly applied principles of contract law in making its determination. "[I]t is axiomatic that[,] in order to be entitled to specific performance of a contract, a [petitioner] must demonstrate that he [or she] was ready, willing and able to perform his [or her] obligations under the contract regardless of the [respondents'] anticipatory breach" (*Bainbridge-Wythe Partnership v Niagara Falls Urban Renewal Agency*, 294 AD2d 806, 807 [2002], *lv denied* 98 NY2d 613 [2002], quoting *Zev v Merman*, 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]). The agreement provided that it would be voided if the biological mother missed two visits within any 12-month time period. The biological mother testified at the hearing on the petition that she missed the June 2008 visit because she was incarcerated and that, although the adoptive parents ceased visitation after August 2008, she would have missed the December 2008 visit as a result of her incarceration in connection with the same crime for which she was incarcerated in June 2008. The biological mother therefore failed to demonstrate that she was ready, willing and able to perform her obligations under the agreement (*see Dixon v Malouf*, 70 AD3d 763 [2010]).

The biological mother further contends that her absence from the June 2008 visit should be excused because it resulted from an unanticipated incarceration that made it impossible for her to attend the visit. We reject that contention. The incarceration of the biological mother resulted from her own conduct, and she therefore remained obligated to perform under the agreement (*see AMF, Inc. v Cattalani*, 77 AD2d 779 [1980]).

The court erred, however, in failing to determine whether

enforcement of the agreement was in the best interests of the child. A postadoption contact agreement incorporated into a written court order "may be enforced by any party to the agreement . . . [, but t]he court shall not enforce [such an agreement] unless it finds that the enforcement is in the child's best interests" (Domestic Relations Law § 112-b [4]; *see Matter of Rebecca O.*, 46 AD3d 687 [2007]). Here, the court dismissed the petition with prejudice and thereby enforced the agreement by voiding it based on the biological mother's inability to comply with the agreement. The record is insufficient to enable this Court to make the required findings with respect to the best interests of the child, and we therefore reverse the order, deny the motion, reinstate the petition and remit the matter to Family Court for a new hearing on the best interests of the child (*see Matter of Heidi E. [Tresea F.—Phyllis G.]*, 68 AD3d 1174 [2009]; *see generally* Domestic Relations Law § 112-b [4]; *Matter of Bradbury v Monaghan* [appeal No. 1], 77 AD3d 1424 [2010]). Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.