# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

953

CAF 10-01629, CAF 10-01681

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF KRISTIAN J.P. AND
DOROTHY E.P., PETITIONERS-APPELLANTS,

V                                                          MEMORANDUM AND ORDER

JEANNETTE I.C. AND JASON M.C.,
RESPONDENTS-RESPONDENTS.

---

EMILY A. VELLA, SPRINGVILLE, FOR PETITIONER-APPELLANT KRISTIAN J.P.

SCHAVON R. MORGAN, MACHIAS, FOR PETITIONER-APPELLANT DOROTHY E.P.

DICERBO & PALUMBO, OLEAN (DANIEL R. PALUMBO OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

CAROLYN KELLOGG JONAS, ATTORNEY FOR THE CHILDREN, WELLSVILLE, FOR
ANTHONY R.C. AND ALEXIS J.C.

---------------------------------------------------------------------------------------

Appeals from an order of the Family Court, Cattaraugus County
(Larry M. Himelein, J.), entered July 12, 2010 in a proceeding
pursuant to Domestic Relations Law § 112-b.  The order, inter alia,
denied the petitions to enforce a post-adoption contact agreement.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by directing that the stay away
provision is in effect until the 18th birthday of the youngest subject
child, and as modified the order is affirmed without costs.

Memorandum:  In this proceeding pursuant to Domestic Relations
Law § 112-b, petitioners appeal from an order denying their petitions
to enforce a visitation provision in the post-adoption contact
agreement with respect to two of their biological children who had
been adopted by respondents (*see generally* Social Services Law § 383-c
[2] [b]).  Contrary to petitioners' contention, Family Court applied
the appropriate standard when making its determination on the
petitions.  Pursuant to Domestic Relations Law § 112-b (4), "[t]he
court shall not enforce an order [incorporating a post-adoption
contact agreement] unless it finds that the enforcement is in the
child[ren's] best interests."  Here, petitioners were afforded a full
and fair evidentiary hearing, and the court's determination that
continued visitation was not in the children's best interests has a
sound and substantial basis in the record (*see generally Matter of
Heidi E.*, 68 AD3d 1174).  Moreover, petitioners were each expressly
warned prior to signing the judicial surrenders with respect to those

children that any post-adoption contact agreement was subject to modification based upon the best interests of the children.

We reject the further contention of petitioner Kristian J.P. (hereafter, biological father) that the court erred in granting respondents' cross petition seeking an order requiring the biological father to stay away from and refrain from any contact with respondents and the subject children.  Although the petitions were filed pursuant to Domestic Relations Law § 112-b, the nature of the instant proceeding is the determination of visitation rights.  We therefore conclude that the court has the authority to issue an order of protection "set[ting] forth reasonable conditions of behavior to be observed for a specific time by any petitioner" pursuant to Family Court Act § 656.  Inasmuch as the court's order did not "plainly state the date that [the stay away provision] expires" (Family Ct Act § 154-c [1]), we modify the order by directing that the stay away provision is in effect until the 18th birthday of the youngest subject child (*see generally Matter of Thomas v Osborne*, 51 AD3d 1064, 1068-1069; *Matter of Morse v Brown*, 298 AD2d 656, 657).  Finally, we reject the biological father's contention that he was denied effective assistance of counsel, inasmuch as he failed to demonstrate that he was "deprived of meaningful representation and that counsel's deficiencies caused [him] to suffer actual prejudice" (*Matter of Nicholas GG.*, 285 AD2d 678, 679).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court