# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1014

CAF 12-00140

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF KAYLEE O.
-----------------------------------
CHELSEA E., PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL O. AND YVONNE O.,
RESPONDENTS-RESPONDENTS.

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR PETITIONER-APPELLANT.

DANIEL J. HARTMAN, BUFFALO, FOR RESPONDENTS-RESPONDENTS.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered July 21, 2011 in a proceeding pursuant to
Social Services Law §§ 383-c and 384. The order dismissed the
petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: As part of the judicial surrender of her parental
rights to the subject child, petitioner entered into an agreement
(agreement) providing for post-surrender visitation between her and
the child. Petitioner commenced this proceeding to enforce the
agreement, alleging that respondents improperly refused to permit such
visitation. Following a hearing, Family Court dismissed the petition
on the ground that further visitation between petitioner and the child
is not in the child's best interests.

We conclude that petitioner failed to establish that the
agreement is enforceable, and thus the petition was properly
dismissed. Petitioner contends that the agreement is enforceable
pursuant to Social Services Law §§ 383-c and 384. We reject that
contention. The Social Services Law unequivocally provides with
respect to a post-surrender contact agreement that, "[s]ubsequent to
the adoption of the child, enforcement of any agreement shall be in
accordance with [Domestic Relations Law § 112-b]" (§ 383-c [2] [b];
*see* § 384 [2] [b]). The Domestic Relations Law in turn provides in
relevant part that such an agreement "shall not be legally enforceable
after any adoption approved by a court pursuant to this article unless

the court has entered an order pursuant to this section incorporating those terms and conditions into a court[-]ordered adoption agreement" (§ 112-b [6]; *see generally Matter of Andie B.*, 102 AD3d 128, 129-130).  Here, petitioner failed to establish that the terms of the agreement were incorporated into the court-ordered adoption agreement.

In any event, "[p]ursuant to Domestic Relations Law § 112-b (4), '[t]he court shall not enforce an order [incorporating a post-surrender contact agreement] unless it finds that the enforcement is in the child['s] best interests' " (*Matter of Kristian J.P. v Jeannette I.C.*, 87 AD3d 1337, 1337; *see Matter of Mya V.P. [Amber R.—Laura P.]*, 79 AD3d 1794, 1795-1796).  Here, in determining the issue of the child's best interests, the court was entitled to accept the opinions of respondents' experts and to credit the testimony of respondents over that of petitioner, and we afford great deference to the court's determination of that issue, particularly following a hearing (*see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401, *lv denied* 21 NY3d 862; *Matter of Triplett v Scott*, 94 AD3d 1421, 1422).  We therefore reject petitioner's further contention that the court's determination concerning the child's best interests is not supported by a sound and substantial basis in the record (*see generally Kristian J.P.*, 87 AD3d at 1337-1338).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court