# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**938**
**CAF 13-01793**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF THE ADOPTION OF SAPPHIRE W.
------------------------------------------------
MARY W., PETITIONER-APPELLANT,

                                              MEMORANDUM AND ORDER
        V

DEBBIE R., RESPONDENT-RESPONDENT.

---

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., OLEAN (JESSICA L. ANDERSON OF COUNSEL), FOR PETITIONER-APPELLANT.

FERN S. ADELSTEIN, OLEAN, FOR RESPONDENT-RESPONDENT.

JAY DAVID CARR, ATTORNEY FOR THE CHILD, MACHIAS.

---

Appeal from an amended order of the Family Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered September 10, 2013 in a proceeding pursuant to Domestic Relations Law § 112-b. The amended order terminated post-adoption contact between petitioner and the subject child.

It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting the petition in part and directing respondent to comply with that part of the agreement requiring her to provide petitioner with annual progress reports and photographs in the event that petitioner provides respondent with annual notice of her address, and as modified the amended order is affirmed without costs.

Memorandum: Petitioner, the biological mother of the child at issue herein, entered into an agreement with respondent, the adoptive mother of the child, which provided for biannual visits with the child as a condition of her judicial surrender of her parental rights. The agreement was determined by Family Court (Nenno, J.) to be in the best interests of the child (*see* Domestic Relations Law § 112-b [2]; *cf. Matter of Kaylee O.*, 111 AD3d 1273, 1274). The agreement provided, inter alia, that petitioner was entitled to visit the child for a period of two hours in the months of July and December, and that she was obligated to contact respondent by the first Monday of July and the first Monday of December to arrange the visits. The parties orally modified the agreement to provide for visitation on the day after Thanksgiving, rather than in December. It is undisputed that petitioner failed to contact respondent in July 2012 and that in November 2012 she did not contact respondent until November 15, rather

than on November 5, which was the first Monday of November. Respondent refused to schedule the visit in November 2012, and petitioner sought to enforce the agreement.

Following a hearing, Family Court (Ploetz, A.J.) determined that, although petitioner's cell phone containing respondent's telephone number was destroyed, petitioner failed to make sufficient attempts to obtain respondent's telephone number by other means. The court therefore determined that petitioner breached the agreement. The court further determined that it was in the best interests of the child that visitation be terminated.

The court properly determined that, although petitioner was ready, willing, and able to visit with the child in November 2012 (*cf. Matter of Mya V.P. [Amber R.—Laura P.]*, 79 AD3d 1794, 1795), she breached the agreement based upon her failure to contact respondent for a visit in July and her failure to provide timely notice of the visit in November (*see id.; cf. Matter of Brown v Westfall*, 36 Misc 3d 1234[A], 2012 NY Slip Op 51598[U] [Fam Ct, Yates County]). We further conclude that the court was entitled to credit respondent's testimony regarding the special needs of the child and her opinion that continued visits with petitioner would not be in the best interests of the child based upon the child's needs and petitioner's periodic inattention to the child during the two-hour visits (*see generally Kaylee O.*, 111 AD3d at 1274). The court's determination that it is not in the best interests of the child to resume visits with petitioner is entitled to great deference and, inasmuch as it is supported by a sound and substantial basis in the record, we will not disturb it (*see Matter of Kristian J.P. v Jeannette I.C.*, 87 AD3d 1337, 1337-1338).

We nevertheless conclude that the petition should be granted to the extent that it seeks to enforce that part of the agreement providing that, in the event that visitation is terminated, petitioner is to notify respondent of her address each year by November 1 and respondent is to provide a progress report and photographs of the child to petitioner in December of each year. By the terms of the agreement (*see generally Mya V.P.*, 79 AD3d at 1795), the provision requiring annual progress reports and photographs did not become effective until after visitation was terminated, i.e., at the time of the court's order. We therefore conclude that the court erred in failing to grant the petition to that extent, and we modify the amended order accordingly.

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court