# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 15, 2016                522567
_____

In the Matter of LYNN X., an
    Infant.

JOSEPH W.,                              MEMORANDUM AND ORDER
                    Appellant;

SCHENECTADY COUNTY DEPARTMENT
    OF SOCIAL SERVICES,
                    Respondent.
_____


Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

                    _____


        Alexandra J. Buckley, Clifton Park, for appellant.

        Christopher H. Gardner, County Attorney, Schenectady (Frank
S. Salamone of counsel), for respondent.

                    _____


Clark, J.

        Appeal from an order of the Family Court of Schenectady
County (Powers, J.), entered November 24, 2015, which dismissed
petitioner's application, in a proceeding pursuant to Domestic
Relations Law § 112-b, for enforcement of a postadoption contact
agreement.

        In 2005, petitioner surrendered his rights to his daughter
(born in 2004), who was then adopted by order of Family Court,
Schenectady County (Assini, J.) entered later that year.  In
conjunction with the surrender, Family Court apparently approved
a postadoption contact agreement allowing petitioner to have two
visits per year with the child, and this agreement was

incorporated into the order of adoption.  In June 2015, petitioner commenced this proceeding to enforce the postadoption contact agreement, alleging that he had not had any visitation with the child since May 2011 and requesting visitation.[1] Following several appearances at which the child's adoptive parents and the attorney for the child opposed the petition and all contact, Family Court (Powers, J.) dismissed the petition on the merits, without conducting an evidentiary hearing. Petitioner appeals.

As respondent concedes, Family Court erred in dismissing the petition without an evidentiary hearing.[2]  Pursuant to Domestic Relations Law § 112-b (4), birth parents and adoptive parents may enter into a legally enforceable agreement regarding postadoption contact that may thereafter be enforced by filing a petition in Family Court (see Matter of Andie B. [Lee J.—Hope C.], 102 AD3d 128, 129 [2012]).  Enforcement of a postadoption contact agreement, however, "will only be ordered if it is determined to be in the child's best interests" (Matter of Andie B. [Lee J.—Hope C.], 102 AD3d at 129; see Domestic Relations Law § 112-b [4]; Matter of Mya V.P. [Amber R.—Laura P.], 79 AD3d 1794, 1796 [2010]), and "[a]n evidentiary hearing is generally necessary to determine what is in the best interests of the child" (Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d 1174, 1174-1175 [2009]).

---

[1]  The postadoption contact agreement is not included in the record on appeal, and petitioner did not comply with the requirement that he annex to the petition "a copy of the order approving the agreement regarding communication or contact" (Domestic Relations Law § 112-b [4]).  The adoption order filed with this Court, however, contains the visitation provision in issue and, to this point, it has not been argued that the adoption order varies in any respect from the agreement between the parents and petitioner.

[2]  Neither the attorney for the child nor the adoptive parents have submitted a brief on appeal.

Here, while there were three appearances in Family Court on the petition at which the interested parties made factual representations, primarily through counsel, and legal arguments on the merits of the petition, no testimony was taken and no documentary evidence was admitted for consideration.[3]  The child's adoptive parents and the attorney for the child opposed enforcement of the postadoption contact agreement and any contact between the child and petitioner based upon, among other factors, an alleged multi-year lapse in contact between petitioner and the child.  The information submitted to the court raised factual questions regarding whether visits with petitioner would be in the child's best interests or detrimental to those interests, necessitating an evidentiary hearing on that determinative issue (see Domestic Relations Law § 112-b [4]; Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d at 1174-1175; see also Matter of Andie B. [Lee J.—Hope C.], 102 AD3d at 129; Matter of Mya V.P. [Amber R.—Laura P.], 79 AD3d at 1796; see e.g. Matter of Sapphire W. [Mary W.—Debbie R.], 120 AD3d 1584, 1584-1585 [2014]; Matter of Kristian J.P. v Jeannette I.C., 87 AD3d 1337, 1337-1338 [2011]).  Accordingly, the matter must be remitted to Family Court for a hearing.

Further, the adoptive parents are persons whose interests may be adversely or inequitably affected by an order enforcing the postadoption contact agreement and, therefore, they should have been named as parties (see CPLR 1001 [a]; Matter of Colavito v New York State Comptroller, 130 AD3d 1221, 1222 [2015]; see e.g. Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d at 1174). While the adoptive parents were present for and participated in the proceedings and were represented by counsel, whose appearance was noted on the record, neither the petition nor Family Court's order of dismissal named them (or any other person or entity) as parties or respondents.

Garry, J.P., Egan Jr., Rose and Mulvey, JJ., concur.

---

[3]  Although Family Court swore in petitioner and the adoptive parents at the second and third appearances, none provided testimony and their attorneys made factual representations on their behalf.

                    -4-                    522567

        ORDERED that the order is reversed, on the law, without
costs, and matter remitted to the Family Court of Schenectady
County for further proceedings not inconsistent with this Court's
decision.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court