■ In the Matter of JAYDEN M.A.-M. JENNIFER A., Appellant; GREGORY M. et al., Respondents. (Proceeding No. 1.) In the Matter of KENNETH J.A.-M. JENNIFER A., Appellant; GREGORY M. et al., Respondents. (Proceeding No. 2.) [65 NYS3d 764]—

Appeal from an order of the Family Court, Queens County (Emily Ruben, J.), dated November 25, 2016. The order, in effect, after a hearing, denied the biological mother's petitions to enforce the postadoption contact provisions of judicial surrenders of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

On December 22, 2008, the biological mother signed conditional judicial surrenders pursuant to Social Services Law § 383-c (2) (b) for her children Kenneth and Jayden, subject to their adoption by Gregory M. and/or Hernando A., with postsurrender/postadoption communication or contact agreements allowing her one visit every six months after the adoption, and such other visits as are agreed upon between the parties. The children were subsequently adopted by Gregory M. and Hernando A., and the postadoption contact agreement was incorporated into the order of adoption. On November 13, 2012, the biological mother filed petitions for enforcement of the postadoption contact agreements. After a hearing, the Family Court, in effect, denied the petitions.

The postadoption contact provisions of a judicial surrender incorporated into an order of adoption will be enforced only where the court determines that enforcement is in the child's best interests (*see* Domestic Relations Law § 112-b [4]; Social Services Law § 383-c [2] [b]; *Matter of Jayden A. [Jennifer A.]*, 123 AD3d 816, 818-819 [2014]; *Matter of Rebecca O.*, 46 AD3d 687, 688 [2007]). Inasmuch as the Family Court's determination with respect to the best interests of a child or children depends to a great extent upon its assessment of the credibility

of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Harrison v McClellan*, 151 AD3d 723, 723 [2017]; *Matter of Estrada v Palacios*, 148 AD3d 804, 804 [2017]; *Matter of Hargrove v Langenau*, 138 AD3d 846, 847 [2016]). Here, there is a sound and substantial basis in the record for the Family Court's determination that enforcement of the contact provisions of the surrender agreements is not in the children's best interests (*see Matter of Shaquana Michelle M.-L. v Leake & Watts*, 139 AD3d 513, 513 [2016]; *Matter of Sapphire W. [Mary W.—Debbie R.]*, 120 AD3d 1584, 1585 [2014]; *Matter of Kristian J.P. v Jeannette I.C.*, 87 AD3d 1337, 1338 [2011]).

The biological mother's remaining contentions are without merit. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.