Matter of Yasmine T. (Aeisha G.--Keisha G.) (2018 NY Slip Op 03848)





Matter of Yasmine T. (Aeisha G.--Keisha G.)


2018 NY Slip Op 03848


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-07062
 (Docket Nos. AS-6202-12/16C, AS-6203-12/16C)

[*1]In the Matter of Yasmine T. (Anonymous). Aeisha G. (Anonymous), appellant; Keisha G. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Daneisha G. (Anonymous). Aeisha G. (Anonymous), appellant; Keisha G. (Anonymous), respondent. (Proceeding No. 2)


Marc A. Greenberg, Elmsford, NY, for appellant.
Lisa F. Colin, White Plains, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the biological mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 8, 2017. The order, after a hearing, in effect, denied the biological mother's petitions to enforce the post-adoption contact provisions of judicial surrenders of the subject children.
ORDERED that the appeal insofar as it relates to the subject child Daneisha G. is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The biological mother executed separate conditional judicial surrenders for the two subject children, Yasmine and Daneisha, with post-surrender/post-adoption contact agreements allowing her four supervised visits per year and twice yearly mailings of photographs until each child turned 14. Once each child turned 14, those contacts were to occur only upon the consent of that child. The children were subsequently adopted by their aunt in July 2013, and the relevant provisions of the post-adoption contact agreements were included within the orders that granted and approved the instruments of surrender, terminated the mother's parental rights, and transferred the guardianship and custody rights of the children to the adoptive parent.
In December 2016, the mother filed separate petitions alleging that the adoptive parent had failed to schedule the necessary number of visitations or provide the mother photographs of each of the children. After a hearing, the Family Court, in effect, denied the petitions.
Issues concerning the child Daneisha are academic, as she is now 19 years old (see [*2]Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d 1174).
Regarding the child Yasmine, the post-adoption contact provisions of a judicial surrender contained within an order of adoption will be enforced only where the court determines that enforcement is in the child's best interests (see Domestic Relations Law § 112-b[4]; Social Services Law § 383-c[2][b]; Matter of Jayden A. [Jennifer A.], 123 AD3d 816, 818-819; Matter of Rebecca O., 46 AD3d 687, 688). Inasmuch as the Family Court's determination with respect to the best interests of a child or children depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, deference is accorded to its findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Jayden M.A.-M. [Jennifer A.—Gregory M.], 156 AD3d 878, 878-879).
The record reflects that Yasmine had chosen not to contact the mother. Under the terms of the post-adoption contact provisions of the judicial surrender, this was Yasmine's prerogative because she was 14 years old. Accordingly, there is a sound and substantial basis in the record for the Family Court's determination.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court