Matter of J.B. v Paul B. (2020 NY Slip Op 06662)





Matter of J.B. v Paul B.


2020 NY Slip Op 06662


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1002 CAF 19-01242

[*1]IN THE MATTER OF J.B. AND J.T. LAKOIA W., PETITIONER-APPELLANT,
v
PAUL B. AND SHANNON B., RESPONDENTS-RESPONDENTS. 






SCOTT GODKIN, WHITESBORO, FOR PETITIONER-APPELLANT.
KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.
STEVEN R. FORTNAM, WESTMORELAND, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered June 10, 2019. The order, inter alia, terminated petitioner's visitation with the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner is the biological mother of the subject children and respondents are the children's adoptive parents. Pursuant to a post-adoption agreement (agreement), petitioner had visitation with the children. Petitioner appeals from an order of Family Court that, inter alia, terminated her visitation with the subject children. We affirm.
"Pursuant to Domestic Relations Law § 112-b (4), '[t]he court shall not enforce an order [incorporating a post-adoption contact agreement] unless it finds that the enforcement is in the child[ren's] best interests' " (Matter of Kristian J.P. v Jeannette I.C., 87 AD3d 1337, 1337 [4th Dept 2011]; see Matter of Kaylee O., 111 AD3d 1273, 1274 [4th Dept 2013]). Here, petitioner was afforded a full and fair evidentiary hearing, and the court's determination that continued visitation was not in the children's best interests has a sound and substantial basis in the record (see Kristian J.P., 87 AD3d at 1337-1338). The court was entitled to credit the testimony of respondents over that of petitioner (see Kaylee O., 111 AD3d at 1274), and we afford great deference to the court's determination of the children's best interests, particularly following a hearing (see Matter of Sapphire W. [Mary W.—Debbie R.], 120 AD3d 1584, 1585 [4th Dept 2014]; 
Kaylee O., 111 AD3d at 1274).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court