Matter of Scott v Rhodes (2020 NY Slip Op 06797)





Matter of Scott v Rhodes


2020 NY Slip Op 06797


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-10265
 (Docket No. Z-5104-18)

[*1]In the Matter of Rashaine Scott, appellant,
v
Debra Rhodes, respondent.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Barry H. Friedman, Poughkeepsie, NY, for respondent.
Carl S. Chu, Fishkill, NY, attorney for the child.



DECISION & ORDER
In a proceeding to enforce the post-adoption contact provisions of a judicial surrender of the subject child, the biological mother appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated August 12, 2019. The order, after a hearing, in effect, denied the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The biological mother executed a judicial surrender of the subject child, with a post-adoption contact agreement providing for visits and other contact with the child. The agreement also provided that the biological mother "may not use any photographs or correspondence or information regarding the child or the adoptive parents in any way on any form of social media (e.g. Facebook, Twitter, etc.)." Further, it provided that if the biological mother failed to keep any of the conditions in the agreement, "then they all shall be null and void, effective at the time of the first failure."
In November 2018, the biological mother filed a petition to enforce the post-adoption contact provisions of the judicial surrender, alleging that the adoptive mother refused to let her see the child. The adoptive parents moved to dismiss the petition, alleging that the biological mother violated the post-adoption contact agreement by posting photographs of the child on Facebook. The Family Court denied the motion to dismiss, and a hearing was held on the petition. Following the hearing, the court, in effect, denied the petition on the grounds that the biological mother violated the terms of the post-adoption contact agreement, and that continued contact with her would not be in the child's best interest. The biological mother appeals.
We agree with the Family Court's determination that the biological mother violated the post-adoption contact provisions of the judicial surrender by posting photographs with the child on Facebook after the judicial surrender was executed, rendering the post-adoption contact agreement null and void (see Matter of Sapphire W. [Mary W.—Debbie R.], 120 AD3d 1584, 1585; Matter of Mya V.P. [Amber R.—Laura P.], 79 AD3d 1794, 1795). Additionally, post-adoption contact provisions of a judicial surrender "will be enforced only where the court determines that enforcement is in the child's best interests" (Matter of Yasmine T. [Aeisha G.—Keisha G.], 161 [*2]AD3d 1179, 1180; see Domestic Relations Law § 112-b[4]; Matter of Jayden M..A.-M. [Jennifer A.—Gregory M.], 156 AD3d 878, 878). Here, the court's determination that it would not be in the child's best interest to have visits or contact with the biological mother has a sound and substantial basis in the record (see Matter of Shaquana M.-L. v Leake & Watts, 139 AD3d 513, 513). The court was entitled to credit the testimony of the adoptive mother that the child experienced emotional and behavioral issues following visits with the biological mother (see Matter of Sapphire W. [Mary W.—Debbie R.], 120 AD3d at 1585).
Accordingly, we agree with the Family Court's determination, in effect, denying the biological mother's petition to enforce the post-adoption contact provisions of the judicial surrender.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court