Matter of Bilinda S. v Carl P. (2021 NY Slip Op 02646)





Matter of Bilinda S. v Carl P.


2021 NY Slip Op 02646


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


349 CAF 19-02036

[*1]IN THE MATTER OF BILINDA S., PETITIONER-APPELLANT,
v
CARL P. AND SUZANNE P., RESPONDENTS-RESPONDENTS. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR PETITIONER-APPELLANT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered October 4, 2019 in a proceeding pursuant to Domestic Relations Law § 112-b. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Domestic Relations Law § 112-b, petitioner, the biological mother of the subject child, appeals from an order that, inter alia, determined that she violated the provisions of her post-adoption contact agreement (agreement) with respondents, the child's adoptive parents. The order also determined that it was in the best interests of the subject child that the provisions of the agreement be enforced and, in effect, dismissed the petition. We affirm.
The agreement, which was incorporated into a judicial surrender of petitioner's parental rights to the subject child, provides that petitioner shall have four visits per year with the child, but that visitation will be in the sole discretion of respondents if, for a period of six months, petitioner failed to phone respondents to schedule a visit, or if petitioner missed two consecutive visits. The evidence at the hearing on the petition, including petitioner's testimony, establishes that she did not visit the subject child during 2018 nor schedule a visit during that time. Thus, contrary to petitioner's contention, Family Court properly determined that petitioner violated the provisions of the agreement (see Matter of Mya V.P. [Amber R.—Laura P.], 79 AD3d 1794, 1795 [4th Dept 2010]; see also Matter of Noah W. [Laura B.F.], 158 AD3d 1258, 1259 [4th Dept 2018]).
Furthermore, it is well settled that an order incorporating a post-adoption contact agreement "may be enforced by any party to the agreement . . . [, but t]he court shall not enforce an order [incorporating such an agreement] unless it finds that the enforcement is in the child's best interests" (Domestic Relations Law § 112-b [4]; see Matter of Rebecca O., 46 AD3d 687, 688 [2d Dept 2007]). Thus, this agreement should be enforced only if it is in the child's best interests (see Matter of J.B. [Lakoia W.—Paul B.], 188 AD3d 1683, 1683 [4th Dept 2020]; Matter of Kristian J.P. v Jeannette I.C., 87 AD3d 1337, 1337 [4th Dept 2011]). Here, the court's determination that is in the child's best interests to enforce the relevant provision in the agreement, i.e., that all future visitation shall be at respondents' sole discretion because, for a period of over six months, petitioner failed to phone respondents to schedule a visit and failed to attend two consecutive visits, is supported by the requisite sound and substantial basis in the record (see generally Matter of Yasmine T. [Aeisha G.—Keisha G.], 161 AD3d 1179, 1180 [2d Dept 2018], lv denied 32 NY3d 903 [2018]; Matter of Kaylee O., 111 AD3d 1273, 1274 [4th [*2]Dept 2013]; Kristian J.P., 87 AD3d at 1337).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court