Matter of Tricia A.C. v Saul H. (2024 NY Slip Op 03242)

Matter of Tricia A.C. v Saul H.

2024 NY Slip Op 03242

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

99 CAF 22-01920

[*1]IN THE MATTER OF TRICIA A.C., PETITIONER-APPELLANT,
v
SAUL H. AND JULIE H., RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered November 18, 2022. The order dismissed the petition with prejudice. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In appeal Nos. 1 and 2, petitioner appeals from orders that dismissed with prejudice her petitions seeking to enforce a post-adoption contact agreement with respect to her two biological children, who had been adopted by respondents. The agreement, which was incorporated into a judicial surrender of petitioner's parental rights to the subject children, provides that petitioner shall be permitted a minimum of three visits per year with the children, with petitioner being required to contact the adoptive parents three times each year to schedule those visitations. If petitioner missed two scheduled visits in a row, she would lose her rights to future visitations unless she could prove that her failure to attend was the result of an emergency. The agreement further provides that petitioner will be afforded phone contact with the children once a month. Petitioner alleged in the petitions that respondents improperly refused her visitation. Following a fact-finding hearing, Family Court dismissed the petitions on the ground that petitioner failed to have regular visitation with her children and that resuming visitation is not in the children's best interests. We affirm.
It is well settled that an order incorporating a post-adoption contact agreement "may be enforced by any party to the agreement . . . [, but t]he court shall not enforce an order [incorporating such an agreement] unless it finds that the enforcement is in the child's best interests" (Domestic Relations Law § 112-b [4]; see Matter of Bilinda S. v Carl P., 193 AD3d 1355, 1356 [4th Dept 2021], lv denied 37 NY3d 904 [2021]). Thus, this agreement should be enforced only if it is in the children's best interests (see Bilinda S., 193 AD3d at 1356; Matter of J.B. [Lakoia W.—Paul B.], 188 AD3d 1683, 1683 [4th Dept 2020]; Matter of Kristian J.P. v Jeannette I.C., 87 AD3d 1337, 1337 [4th Dept 2011]). Here, at the fact-finding hearing, the evidence established that petitioner made minimal and inconsistent efforts to schedule visits with the children and had not seen them for over two years. The evidence further established that petitioner did not attend at least one scheduled visitation. The children's treating psychologist opined at the hearing that it was not in the children's best interests to resume contact with petitioner. His opinion was based, in part, on his observation that since the children's contact with petitioner had ceased, the children's behaviors had improved. The court's determination that it is not in the best interests of the children to resume visits with petitioner is supported by a sound and substantial basis in the record (see Matter of Sapphire W. [Mary W.—Debbie R.], 120 [*2]AD3d 1584, 1585 [4th Dept 2014]; Kristian J.P., 87 AD3d at 1337-1338).
Petitioner's further contention that the provision of the agreement allowing her monthly telephone contact with the children is severable from the other provisions of the agreement and should be enforced is unpreserved for our review (see Matter of Frandiego S., 270 AD2d 144, 144 [1st Dept 2000]; see generally Matter of Abigail H. [Daniel D.], 172 AD3d 1922, 1923 [4th Dept 2019], lv denied 34 NY3d 901 [2019]). In any event, given petitioner's inconsistent and minimal prior monthly phone contact with the children, it would not be in the children's best interests to enforce that provision.
All concur except Ogden, J., who dissents and votes to modify in accordance with the following memorandum: I agree with the majority in both appeals that Family Court's determination that it was not in the children's best interests to resume visitation with petitioner is supported by a sound and substantial basis in the record.
I disagree, however, with the majority in both appeals with respect to petitioner's monthly telephone contact with the children, and therefore I respectfully dissent. In the proceedings in Family Court, petitioner sought enforcement of the post-adoption contact agreement, and she contended, among other things, that she had been denied her monthly telephone contact with the children. Thus, contrary to the majority's determination, petitioner's contention seeking enforcement of the part of the agreement providing for such contact is preserved for this Court's review (see generally Matter of Frandiego S., 270 AD2d 144, 144 [1st Dept 2000]). Furthermore, in my view, the court should have granted the petition insofar as it sought to enforce that part of the agreement providing that petitioner have monthly telephone contact with the children. During the hearing, the children's treating psychologist was not asked and did not opine whether phone contact with the children would be detrimental to the best interests of the children. Moreover, the court's findings of fact and conclusions of law focused on the resumption of in-person physical visitation rather than petitioner's phone contact with the children. I therefore conclude that the court erred in failing to grant the petitions to that extent (see generally Matter of Sapphire W. [Mary W.—Debbie R.], 120 AD3d 1584, 1585 [4th Dept 2014]), and I would modify the respective orders accordingly.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court