Matter of Adalila M.R. (George L.R.)

2026 NY Slip Op 01969

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Adalila M. R. (Anonymous). George L. R. (Anonymous), appellant; Leslie H. (Anonymous), et al., respondents. (Proceeding No. 1)

In the Matter of George W. R. (Anonymous). George L. R. (Anonymous), appellant; Leslie H. (Anonymous), et al., respondents. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-12069, (Docket Nos. Z-8151-23, Z-8155-23)

Colleen D. Duffy, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Carol Lewisohn, Woodmere, NY, for appellant.

William A. Sheeckutz, East Meadow, NY, attorney for the children.

[*1]

DECISION & ORDER

In related proceedings pursuant to Domestic Relations Law § 112-b to enforce the post-adoption contact provisions of judicial surrenders of the subject children, the biological father appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated November 13, 2023. The order, without a hearing, dismissed the biological father's petitions without prejudice for failure to state a cause of action.

ORDERED that so much of the appeal as relates to the child Adalila M. R. is dismissed as academic, without costs or disbursements; and it is further,

ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.

In October 2020, the biological father executed separate judicial surrenders for the subject children, Adalila M. R. and George W. R., with post-surrender/post-adoption contact agreements which contained certain conditions. In October 2023, the biological father commenced these related proceedings to enforce the post-adoption contact agreements, alleging that the adoptive parent failed to comply with the agreements. The Family Court, without a hearing, dismissed the biological father's petitions without prejudice for failure to state a cause of action. The biological father appeals.

Initially, issues concerning the child Adalila M. R. are academic, as she is now 18 years old (see Matter of Yasmine T. [Aeisha G.—Keisha G.], 161 AD3d 1179, 1180; Matter of Heidi E. [Tresea F.—Phyllis G.], 68 AD3d 1174, 1174).

Regarding the child George W. R., the Family Court properly, without a hearing, [*2]dismissed the petition without prejudice for failure to state a cause of action. In determining whether to dismiss a petition for failure to state a cause of action, the court must liberally construe the petition, the facts must be accepted as true, and the petitioner should be given the benefit of every favorable inference (see Matter of Latiff v Latiff, 236 AD3d 1031, 1031; Matter of Arnold v Arnold, 119 AD3d 938, 939). However, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373). Here, the petition was conclusory and failed to set forth any factual allegations tending to support the biological father's contention that the adoptive parent violated the post-adoption agreements.

DUFFY, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court